**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**LANITA DAVIS, as Special Administrator of
PLAINTIFF
the Estate of Dedrick Smith, deceased.**

**v. Case No. 4:25CV-000159-JM**

**ADVANCED EQUIPMENT, INC.,
PRESTON REFRIGERATION COMPANY,
AND JOHN DOES, I-X
DEFENDANTS**

**AGREED PROTECTIVE ORDER**

The pending motion for the entry of a protective order is GRANTED. (Docket #39). The parties to this case, through their respective counsel, agree that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, they will protect the confidentiality of certain information (including deposition testimony) and documents (including documents stored in any electronic format). The parties agree that the confidentiality of this information and these documents shall be preserved under the terms of this Protective Order.

1. This Protective Order shall be applicable to discovery in this action and shall govern the use and dissemination of information and documentation of a sensitive, confidential, proprietary, or legally protected nature, and the privacy rights of the parties or certain non-parties ("Confidential Information").

2. Any party or non-party who produces material in the course of discovery in this action (a "Producing Party") may designate such material as

Confidential Information if the Producing Party believes in good faith that the material contains Confidential Information.

3. To designate a document as one containing Confidential Information, the Producing Party must conspicuously mark the word "CONFIDENTIAL" on the face of each document and on each page containing Confidential Information. In the case of electronically stored documents, the Producing Party shall affix such a label to the information by using its best efforts to identify the information as Confidential Information.

4. To designate an interrogatory answer as confidential, the Producing Party must insert the word "CONFIDENTIAL" in brackets at the beginning of each answer claimed to contain Confidential Information.

5. To designate deposition testimony as confidential, the designating party must, within twenty-one (21) business days of receiving the transcript, provide all other parties with a copy marked "CONFIDENTIAL" and an index of the page and line numbers claimed as confidential. Absent an agreement on the record or in writing, or an order of the Court to the contrary, all deposition testimony shall be deemed confidential until 21 business days after the deposing party receives a copy of the transcript.

6. Subject to the Federal Rules of Evidence, any Confidential Information may be offered in evidence at trial or any Court hearing. Any party may move the Court to prevent unnecessary disclosure of Confidential Information.

7. Any party wishing to file any transcript, chart, brief, affidavit, motion or other document containing or referring to Confidential material covered by this Protective Order shall first attempt to redact the Confidential material from the document and then file the redacted transcript, chart, brief, affidavit, motion, and/or document with the Court. If redaction is impracticable, the parties may seek leave of the Court to file the Confidential document under seal. Any such transcript, chart, brief, affidavit, motion or other document will not be automatically sealed. Instead, the filing party shall seek leave of the Court to file under seal in accordance with applicable law, including the ECF Policies and Procedures of this Court. **ANY DOCUMENT FILED UNDER SEAL WILL BE EMAILED IN ITS UNREDATED FORM TO THE COURT** at Amy_russell@ared.uscourts.gov. The email subject line should contain the case number, the docket number and the exhibit number.

The parties may agree subsequently to exclude any information or document produced by parties to this litigation from coverage under this Protective Order and, upon motion of a party (with notice to the producing party) or upon the Court's own motion, the Court may exclude any information or documents from coverage under this Protective Order. Nothing in this Protective Order shall restrict any use by a Producing Party of its own confidential information or documents.

8. A party shall not be obligated to challenge the propriety of the designation of material as containing Confidential Information at the time made,

and failure to do so shall not preclude a later challenge in this action. In order to challenge a designation of material as containing Confidential Information, the Non-Producing Party shall give written notice to the Producing Party, and the Parties shall attempt in good faith to resolve any challenges on an informal basis. Should the parties not resolve the disagreement, the parties shall have thirty (30) days after the close of the meet and confer to submit a joint report with the Court explaining the disagreement to the Court. The joint report should describe with specificity the particular materials for which the designation is being challenged and set forth with specificity the particular materials that the challenging party contends is not properly designated as "CONFIDENTIAL." The party seeking to maintain materials as "CONFIDENTIAL" generally will bear the burden of proving that the designation is proper. Materials designated as "CONFIDENTIAL" will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

9. The Non-Producing Party must treat as confidential all information and documents designated as such until the Producing Party removes its designation or the Court rules that it is not confidential.

10. The inadvertent failure to designate or withhold any information as confidential will not be deemed to waive a later claim as to its confidential nature, or to preclude the Producing Party from designating the information as confidential at a later date in writing and with particularity.

11. The documents covered under this Protective Order shall be used only for purposes of this proceeding. Confidential Information may not, without written consent of the Producing Party or a Court order, be given, shown, made available, or communicated to anyone except the following:

a. Anyone to whom the Parties agree in writing or the Court orders;

b. The Parties;

c. The Parties' counsel, employees, or expert witnesses;

d. Witnesses who might testify in this case and to whom disclosure is reasonably necessary;

e. Court personnel, jurors, court reporters, any mediator involved in this action, and employees of any such mediator;

f. Deponents and trial and hearing witnesses; and

g. The original author or recipient of the document.

12. A person receiving Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order. If Confidential Information is disclosed to any person not entitled to receive disclosure of such information, the person responsible for the disclosure must bring all pertinent facts relating to such disclosure to the attention of counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable, good faith effort to retrieve such material and to prevent further disclosure by it or by the person who received such information.

13. The information and documentation covered under this Protective Order shall be used only for purposes of this lawsuit, including any appeals. No individual shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order. Beyond this litigation, no individual shall use any of the information or documentation to the detriment of the Producing Party or for any other business or financial benefit of the individual.

14. This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties, or by an order of the Court. If this Order is not terminated by the parties or the Court, it shall expire one year after the final dismissal of this matter, including the resolution of any appeals.

15. Within sixty (60) days after the conclusion of all aspects of the litigation of this case, whether by settlement, final judgment, or appeal, any documents designated “CONFIDENTIAL” and all copies in print (other than exhibits of record), on computer disc, or in any type of electronic format shall be destroyed or returned to the party which produced the documents. In the event any party elects to destroy confidential material, the party shall not be obligated to delete any such documents and confidential information contained in an archived computer system backup that was made in accordance with the party’s security and/or disaster recovery procedure provided that only employees of the party or their computer consultants shall have access to the same and then only

for the limited purpose of restoring lost data for business purposes. Additionally, confidential material may be retained in accordance with the file retention/destruction policies adopted and implemented by the parties or their respective law firms.

IT IS SO ORDERED THIS 29th day of September, 2026.

UNITED STATES DISTRICT JUDGE